IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SUSAN HALL                                                                                                PLAINTIFF

vs.                                           Civil No. 6:15-cv-06049

CAROLYN COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Susan Hall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 9.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff's application for DIB was filed on February 17, 2011.  (Tr. 27, 179-182).  Plaintiff alleged she was disabled due to hepatitis C, hypothyroidism, ADD, PTSD, battered woman's syndrome, crushed right ankle, and knee injuries.  (Tr. 200).  Plaintiff alleged an onset date of December 18, 2008.  (Tr. 27, 200).  This application was denied initially and again upon reconsideration.  (Tr. 27).  Thereafter, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

application and this hearing request was granted. (Tr. 127-128).

Plaintiff 's administrative hearing was held on October 2, 2012. (Tr. 44-77). Plaintiff was present and was represented by counsel, Joshua R. Meister, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mary May, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-seven (57) years old. (Tr. 51). Plaintiff had a high school education and paralegal certification. (Tr. 51-52).

On November 28, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 27-37). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 29, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of December 18, 2008 through her date last insured of December 31, 2008. (Tr. 29, Finding 2).

The ALJ also determined Plaintiff had, through her date last insured, the severe impairments of osteoarthritis; disorders of muscle/ligament/fascia; back/spine disorder; fracture of the lower extremity; and hepatitis. (Tr. 29, Finding 3). After her date last insured, the ALJ found Plaintiff had the severe impairments of anxiety disorder, and post traumatic stress disorder (PTSD), including battered wife syndrome. (Tr. 29, Finding 4). The ALJ then determined, through the date last insured, Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 29, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-16). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, through the date last insured, Plaintiff retained the RFC to perform light work with restrictions that included ability to occasionally climb stairs, balance, stoop, kneel, crouch and crawl; restricted from climbing ladders; ability to understand, retain and carry out simple instructions; make simple work-related decisions; perform work where the complexity of a task is learned and performed by rote with few variables and with little judgment; work in an environment with few if any workplace changes; perform work where interpersonal contact is incidental to the work performed; and perform work where supervision is simple, direct and concrete. (Tr. 31, Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 35, Finding 7). The ALJ found Plaintiff, though the date last insured, was unable to perform her PRW. *Id.* The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 36, Finding 11). The VE testified at the administrative hearing regarding this issue. (Tr. 72-76). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a fast food worker with 20,000 such jobs in Arkansas and 2,000,000 such jobs in the nation, and as a janitor with 18,000 such jobs in Arkansas and 2,000,000 such jobs in the nation. (Tr. 36). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from December 13, 2008 through the date last insured of December 31, 2008. (Tr. 36, Finding 12).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 20). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 16-18). On May 18, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 8, 2015. ECF No. 9. Both Parties have filed appeal briefs. ECF

Nos. 13, 14.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff alleged an onset date of December 18, 2008, but her date last insured was December 31, 2008.  Therefore, Plaintiff must establish disability within this thirteen day time period in order to be entitled to DIB.  Plaintiff brings the present appeal claiming (1) the ALJ erred by failing to find Plaintiff met a Listing, and (2) the ALJ failed to consider Plaintiff's impairments in combination. ECF No. 13, Pgs. 4-21.  In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

**A. Listings**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits

5

the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer, through the date last insured, from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included osteoarthritis; disorders of muscle/ligament/fascia; back/spine disorder; fracture of the lower extremity; and hepatitis. (Tr. 29, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Sections 1.02(A), 12.04, and 12.06. ECF No. 13, Pgs. 4-17. Defendant argues Plaintiff has failed to establish she meets any of these Listings. ECF No. 13.

To meet Listing 1.02(A), Plaintiff must have a major dysfunction of a joint with clinical evidence of joint space narrowing, bony destruction, or ankylosis, with:

> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively, or

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that

limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

Plaintiff does not have a joint dysfunction that resulted in an inability to ambulate effectively. A diagnosis of a disorder alone is insufficient proof that Plaintiff met a listing. *See* 20 CFR § 404.1525(d); *Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004); *Collins ex. rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003). Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff offered no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items.

Plaintiff also argues she meets Listing 12.04 for Affective Disorders and 12.06 for Anxiety-related Disorders. ECF No. 13, Pg. 11-17. To be disabled under these Listings, the requirements of both subsection A and B of the Listings in question must be met. 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04, 12.06. In this matter, the ALJ correctly determined that Plaintiff did not meet the four elements of subsection B (the "B" criteria) of any listed mental impairment. (Tr. 30-31). The "B" criteria require at least two of the following:

> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or

    3. Marked difficulties in maintaining concentration, persistence or pace; or

    4. Repeated episodes of decompensation, each of extended duration.

*See* 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04(B), 12.06(B).

  To begin with, Plaintiff has failed to present medical evidence to support her allegation that she meets a Listing. Further, the ALJ properly determined Plaintiff had only moderate limitations to her daily activities, social functioning and ability to maintain concentration, persistence, and pace. (Tr. 30). Finally, neither the record medical evidence, nor Plaintiff's testimony, show Plaintiff experienced repeated episodes of deterioration or decompensation in work. Substantial evidence supports the ALJ's finding that Plaintiff experienced no repeated episodes of deterioration or decompensation in work. (Tr. 30).

  The Plaintiff failed to establish the presence of the "C" criteria of Listing 12.04. The "C" criteria under Listing 12.04 require the following:

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(C).

  The record did not contain a medically documented history of chronic affective disorder of at least two years' duration that has caused more than a minimal limitation in the claimant's ability to do basic work activities, with symptoms or signs currently attenuated by medication or

psychosocial support. Also, there was no medical evidence in the record showing Plaintiff had repeated episodes of decompensation; a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 29, Finding 5) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform light work with some

restrictions. (Tr. 31, Finding 6). The ALJ went on to state Plaintiff's RFC would not preclude her from performing other work that exists in significant numbers in the national economy. (Tr. 36, Finding 11).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **25th day of March 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE